Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000185
13-DEC-2019
07:53 AM

NO. CAAP-17-0000185

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2005-HE3, Plaintiff-Appellee,
v.
RICK KEALOHA PA, JR., MORTGAGE ELECTRONIC SYSTEMS, INC., BNC MORTGAGE INC., MILILANI TOWN INC., MILILANI TOWN ASSOCIATION, DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAI'I, UNITED STATES OF AMERICA, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE ENTITIES 1-10, AND DOE GOVERNMENTAL UNITS 1-10, Defendants,
and
CHUN MEI TONG, Trustee of the Unrecorded Akuli Family Trust Dated July 11, 2014, Intervenor-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0128)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

In this action for judicial foreclosure, Intervenor-third-party Defendant/Appellant Chun Mei Tong, Trustee of the unrecorded Akuli Family Trust dated July 11, 2014 (**Tong**), appeals from a "Judgment on Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner" (**Judgment Confirming Sale**) entered pursuant to the "Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner" (**Order Confirming Sale**),

both entered on February 22, 2017 by the Circuit Court of the First Circuit (**circuit court**) in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-HE3 (**U.S. Bank**).[1]

Tong's sole point of error on appeal is that the circuit court erred in denying her Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b) Motion for Relief, from which she did not timely appeal, and in entering its Judgment Confirming Sale because U.S. Bank did not establish its standing to foreclose and thus the circuit court lacked subject-matter jurisdiction.

For the reasons discussed below, we affirm.

U.S. Bank initiated this judicial foreclosure action against, *inter alia*, Rick Kealoha Pa, Jr. on January 21, 2009. On June 22, 2009, the circuit court granted U.S. Bank's Ex Parte Motion to identify Mililani Town Association as defendant Doe Entity 1. Mililani Town Association was served with the complaint on or around April 7, 2011. Tong was not named as a defendant in U.S. Bank's complaint. On August 26, 2014, U.S. Bank filed a motion for summary judgment and decree of foreclosure against all defendants. On January 22, 2015, the circuit court entered its "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants" (**Order Granting U.S. Bank's MSJ**) and corresponding "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure against All Defendants" (**Foreclosure Judgment**) in favor of U.S. Bank. No party appealed from the Foreclosure Judgment and thus the Foreclosure Judgment became final and binding. See Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013).

On February 27, 2015, more than one month after the circuit court entered its Foreclosure Judgment, Tong filed a

---

[1] The Honorable Bert I. Ayabe presided.

2

motion to intervene in this case as a third-party defendant. Tong asserted that she became the record title holder to the property by way of a quitclaim deed executed on July 29, 2014 by Defendant Mililani Town Association.[2] Tong requested leave to intervene so that she could file a motion to reconsider the Order Granting U.S. Bank's MSJ and Foreclosure Judgment. On June 16, 2015, the circuit court entered an order granting Tong's motion to intervene.

On August 12, 2015, Tong filed her HRCP Rule 60(b) Motion for Relief from the Order Granting U.S. Bank's MSJ and Foreclosure Judgment. In her motion, Tong asserted, *inter alia*, that the circuit court's Foreclosure Judgment was void under HRCP Rule 60(b)(4) because U.S. Bank had failed to establish its standing to invoke the court's jurisdiction. On February 12, 2016, the circuit court entered an order denying Tong's HRCP Rule 60(b) Motion for Relief (**Rule 60(b) Order**). Tong did not appeal from this order.

On November 10, 2016, U.S. Bank filed "Plaintiff's Motion for Confirmation of Sale by Commissioner" (**Motion for Confirmation of Sale**). On January 4, 2017, Tong filed her opposition to U.S. Bank's Motion For Confirmation of Sale, again arguing, *inter alia*, that U.S. Bank had failed to establish its standing to invoke the circuit court's jurisdiction. On February 22, 2017, the circuit court entered its Order Confirming Sale and the corresponding judgment. This appeal follows.

I.   **This Court lacks appellate jurisdiction to review the circuit court's Rule 60(b) Order**

We lack appellate jurisdiction to review Tong's point of error as it pertains to the circuit court's Rule 60(b) Order. The circuit court entered this order on February 12, 2016. Tong's HRCP Rule 60(b) Motion for Relief specifically sought

---

[2]   It appears from the record that Tong purchased the property from Defendant Mililani Town Association at a public sale conducted on July 11, 2014. Mililani Town Association had apparently conducted the power of sale foreclosure because Pa had failed to pay assessments that were due.

relief pertaining to the Foreclosure Judgment and thus the circuit court's Rule 60(b) Order was a final, appealable order. See Beneficial Hawaii, Inc. v. Casey, 98 Hawai'i 159, 165, 45 P.3d 359, 365 (2002) (holding that when an "HRCP Rule 60(b) motion pertain[s] exclusively to a foreclosure decree[,] seek[ing] to relieve the movant of its effect . . . the circuit court's entry of judgment disposing of such [an] HRCP Rule 60(b) motion is a final, appealable order."). In order to obtain appellate review, Tong was required to file a timely notice of appeal from the Rule 60(b) Order, which she failed to do. We thus do not have appellate jurisdiction to address Tong's point of error to the extent that it challenges the Rule 60(b) Order.[3]

**II.    Tong is precluded from challenging U.S. Bank's standing in this appeal of the Judgment Confirming Sale.**

Although Tong appeals from the Judgment Confirming Sale, she does not challenge any aspect of the proceedings relating to the sale of the subject property. Instead, Tong solely contends that the circuit court erred in entering its Order Confirming Sale and corresponding judgment because U.S. Bank had failed to establish its standing to foreclosure under Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017). However, the res judicata effect of the Foreclosure Judgment, from which no party appealed, precludes Tong from challenging U.S. Bank's standing in this appeal. See Wise, 130 Hawai'i at 16-17, 304 P.3d at 1197-98.

In Wise, the Hawai'i Supreme Court explained that, in foreclosure cases, the doctrine of res judicata precludes foreclosure defendants from raising defenses at the confirmation of sale proceedings that could have been raised in challenging

---

[3]    In any event, we have previously held that mortgagors cannot rely on HRCP Rule 60(b)(4) to resurrect an argument that a mortgagee lacked standing. Nationstar Mortg. LLC v. Akepa Properties LLC, Nos. CAAP-15-0000407 and CAAP-15-0000727, 2017 WL 1401468 (Hawai'i App. Apr. 19, 2017) (SDO); Bank of America, N.A. v. Panzo, Nos. CAAP-14-0001356 and CAAP-15-0000660, 2017 WL 1194002 (Hawai'i App. Mar. 31, 2017) (SDO), reconsideration denied, Nos. CAAP-14-0001356 and CAAP-15-0000660, 2017 WL 1753390 (Hawai'i App. May 4, 2017), cert. denied, SCWC-14-0001356, 2017 WL 4837872 (Oct. 26, 2017).

the entry of a foreclosure judgment.  Id. at 17-18, 304 P.3d at 1198-99.  As explained in Wise:

> [T]he foreclosure judgment determined the merits of the controversy, rendering subsequent proceedings incident to its enforcement . . . .  [W]e conclude that *res judicata* would preclude Petitioners from challenging Respondent's standing in their appeal from the order confirming sale, despite the general proposition that a lack of standing may be raised at any time.  Under the doctrine of *res judicata*, challenges to Respondent's standing were subsumed under the foreclosure judgment, which had [become] final and binding.

Id. at 17, 304 P.3d at 1198 (citation and internal quotation marks and internal brackets omitted).

Here, no party appealed from the Foreclosure Judgment, which thus became final and binding as to U.S. Bank's right to foreclose on the subject property.  See id.

We note that Tong was not granted leave to intervene in the instant foreclosure action until after the circuit court had entered its Foreclosure Judgment.  However, the record indicates that Tong had notice of this action at the time she allegedly executed the quitclaim deed, approximately six months before the Foreclosure Judgment was entered.  The quitclaim deed from Mililani Town Association to Tong was executed by both parties, notarized, and included a property description specifically referencing the Notice of Pendency of Action for this foreclosure action.  Thus, Tong's receipt of Mililani Town Association's interest was clearly made subject to this pending foreclosure action.

In her motion to intervene, Tong attached and relied on Mililani Town Association's quitclaim deed, which included all of the aforementioned information, demonstrating that she had notice of U.S. Bank's recorded interest in the property.  As such, the record indicates that Tong was aware of the subject mortgage and the instant foreclosure action at the time she allegedly executed the quitclaim deed on July 29, 2014, which was before U.S. Bank filed its motion for summary judgment on August 26, 2014, and before the circuit court subsequently entered its Foreclosure Judgment on January 22, 2015.  Despite this, Tong did not move to

5

intervene in this foreclosure action until February 27, 2015, after the Foreclosure Judgment had became final and binding. Tong is precluded from now challenging U.S. Bank's standing in this appeal from the Judgment Confirming Sale.

Therefore, IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's "Judgment on Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner", entered on February 22, 2017, is affirmed.

DATED: Honolulu, Hawai'i, December 13, 2019.

On the briefs:

Richard T. Forrester,
Matthew P. Holm,
(Forrester Legal, LLLC)
for Intervening Defendant-
Appellant.

Edmund K. Saffery,
Lynda L. Arakawa,
(Goodsill Anderson Quinn &
Stifel)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge